**Fill in this information to identify your case and this filing:**

Debtor 1  **Carl Alexander Wescott**
    First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Northern District of California

Case number  16-10975

FILED

NOV 2 3 2016

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

☐ Check if this is an
 amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

 ☑ No. Go to Part 2.
 ☐ Yes. Where is the property?

1.1. _____
Street address, if available, or other description

_____

_____

City   State  ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property**
 (see instructions)

If you own or have more than one, list here:

1.2. _____
Street address, if available, or other description

_____

_____

City   State  ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property**
 (see instructions)

Case: 16-10975   Doc# 14   Filed: 11/23/16   Entered: 11/28/16 11:07:22   Page 1 of 26

1.3. _____

Street address, if available, or other description

_____

_____

City      State    ZIP Code

_____

County

**What is the property?** Check all that apply.

- ☐ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** .......................................➔ | $_____ 0.00 |

---

**Part 2:**   **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No
☐ Yes

3.1. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

3.2. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

Case 16-10975   Doc# 14   Filed 11/29/16   Entered 11/28/16 11:07:22   Page 2 of 26

3.3.  Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$_____    $_____

3.4.  Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$_____    $_____

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

4.1.  Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$_____    $_____

If you own or have more than one, list here:

4.2.  Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

**Current value of the portion you own?**

$_____    $_____

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ..........................................➔  $            0.00

**Part 3:**   **Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☑ No
    ☐ Yes. Describe.........

$ _____

**7. Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music electronic devices including cell phones, cameras, media players, games
    ☐ No
    ☑ Yes. Describe.........   1 iPhone6 +_1 printer

$   354.53

**8. Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ☑ No
    ☐ Yes. Describe.........

$ _____

**9. Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ☐ No
    ☑ Yes. Describe.........   3 guitars

$   400.00

**10. Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.........

$ _____

**11. Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.........   some clothes

$   200.00

**12. Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☑ No
    ☐ Yes. Describe.........   (but see additional pages)

$ _____

**13. Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes. Describe.........

$ _____

**14. Any other personal and household items you did not already list, including any health aids you did not list**
    ☐ No
    ☑ Yes. Give specific information. .............   books

$   200.00

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................. ➡

$   1,100.00

**Part 4:** **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**

   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

   ☐ No
   ☑ Yes......................................................................................................................... Cash: ...................... $ _____10.21

17. **Deposits of money**

   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

   ☐ No
   ☑ Yes.....................

   Institution name:

   | | | |
   |---|---|---|
   | 17.1. Checking account: | Bank of America (balance as of 10/24 filing date) | $ _____-159.00 |
   | 17.2. Checking account: | (B of A will be issuing a credit to get balance up to 0) | $ _____ |
   | 17.3. Savings account: | | $ _____ |
   | 17.4. Savings account: | | $ _____ |
   | 17.5. Certificates of deposit: | | $ _____ |
   | 17.6. Other financial account: | | $ _____ |
   | 17.7. Other financial account: | | $ _____ |
   | 17.8. Other financial account: | | $ _____ |
   | 17.9. Other financial account: | | $ _____ |

18. **Bonds, mutual funds, or publicly traded stocks**

   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

   ☑ No
   ☐ Yes.................

   Institution or issuer name:

   | | |
   |---|---|
   | | $ _____ |
   | | $ _____ |
   | | $ _____ |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

   ☐ No
   ☑ Yes. Give specific information about them.....................

   | Name of entity: | % of ownership: | |
   |---|---|---|
   | See additional pages | 0% ___ % | $ _____0.00 |
   | | 0% ___ % | $ _____ |
   | | 0% ___ % | $ _____ |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific    Issuer name:
   information about
   them...................

| | | $ |
| --- | --- | --- |
| | | $ |
| | | $ |

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each
   account separately.

| Type of account: | Institution name: | |
| --- | --- | --- |
| 401(k) or similar plan: | | $ |
| Pension plan: | | $ |
| IRA: | | $ |
| Retirement account: | Social Security (value unknown; statement attached) | $ UNKNOWN |
| Keogh: | | $ |
| Additional account: | | $ |
| Additional account: | | $ |

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☐ No
☑ Yes.

| | Institution name or individual: | |
| --- | --- | --- |
| Electric: | | $ |
| Gas: | | $ |
| Heating oil: | | $ |
| Security deposit on rental unit: | | $ |
| Prepaid rent: | | $ |
| Telephone: | | $ |
| Water: | | $ |
| Rented furniture: | | $ |
| Other: | The BRE has a $95 prepayment for real estate broker test | $ 95.00 |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes........................    Issuer name and description:

| | | $ |
| --- | --- | --- |
| | | $ |
| | | $ |

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ........................  Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

|  |  |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No
☑ Yes. Give specific information about them....

> (My ex-wife and I had the Wescott Family Limited Partnership and the Pook Snook Dook Trust (names from memory)) 5+ years ago; I had CWRT

$_____ 0.00

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No
☑ Yes. Give specific information about them....

> I own carlawescott.com and carlwescott.com

$_____ 1.99

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific information about them....

$_____

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................

| | |
|---|---|
| Federal: | $_____ |
| State: | $_____ |
| Local: | $_____ |

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information............

| | |
|---|---|
| Alimony: | $_____ |
| Maintenance: | $_____ |
| Support: | $_____ |
| Divorce settlement: | $_____ |
| Property settlement: | $_____ |

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information............

> See additional pages

$_____ 0.00

Case 16-10975   Doc# 14   Filed 11/28/16   Entered: 11/28/16 11:07:22   Page 7 of 26

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☑ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Medicaid | Carl Wescott | $ 0.00 |
| (Unknown) | Carl Wescott | $ 0.00 |
| | | $ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information............. $ _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ....................   See additional pages   $ UNKNOWN

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ....................   (included in additional pages to 34 above)   $

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information............. $ _____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ➜ $ 107.20

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe.........   $ _____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe.........   See additional pages   $ 30,000.00

Case 16-10975    Doc# 14    Filed 11/28/16    Entered: 11/28/16 11:07:22    Page 8 of 26

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe.......  $ _____

**41. Inventory**

☑ No

☐ Yes. Describe.......  $ _____

**42. Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe.......   Name of entity:                          % of ownership:

_____    _____ %   $ _____

_____    _____ %   $ _____

_____    _____ %   $ _____

**43. Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

   ☐ No

   ☐ Yes. Describe.......   $ _____

**44. Any business-related property you did not already list**

☐ No

☐ Yes. Give specific
information .........       $ _____

                           $ _____

                           $ _____

                           $ _____

                           $ _____

                           $ _____

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached**
**for Part 5. Write that number here** ......................................................................................... ➜   $      30,000.00

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes ......................   $ _____

**48. Crops—either growing or harvested**

☑ No
☐ Yes. Give specific information. ............

$ _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes .........................

$ _____

**50. Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes

$ _____

**51. Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Give specific information. ............

$ _____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ................. ➜

$ 0.00

---

**Part 7:**  **Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53.** Do you have other property of any kind you did not already list?
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information. ............

$ _____
$ _____
$ _____

**54.** Add the dollar value of all of your entries from Part 7. Write that number here .......................................... ➜

$ 0.00

---

**Part 8:**  **List the Totals of Each Part of this Form**

**55.** Part 1: Total real estate, line 2 ............................................................................................ ➜   $ 0.00

**56.** Part 2: Total vehicles, line 5                           $ 0.00

**57.** Part 3: Total personal and household items, line 15    $ 1,100.00

**58.** Part 4: Total financial assets, line 36                 $ 107.20

**59.** Part 5: Total business-related property, line 45        $ 30,000.00

**60.** Part 6: Total farm- and fishing-related property, line 52   $ 0.00

**61.** Part 7: Total other property not listed, line 54        + $ 0.00

**62. Total personal property.** Add lines 56 through 61. ....................   $ 31,207.20   Copy personal property total ➜  + $ 31,207.20

**63. Total of all property on Schedule A/B.** Add line 55 + line 62 ...............................................   $ 31,207.20

**Question 1) residential real estate**

I had a community interest with my ex-wife, Monette Stephens, in 3910 Carol Avenue, Santa Barbara, CA 93110, as well as in the entity that owned it until recently, Atlas Consulting LLC, but on October 13th 2016, in family law court in San Francisco, Judge Anne-Christine Massullo ordered that that house go to Ms. Stephens.

My Revocable Trust (Carl Wescott Revocable Trust) had a 50% interest in 853 Ashbury Street, San Francisco, CA 94117-4418, but in 2012 my ex-wife and I transferred/sold our entire interest in the house (which is underwater with 6 Deeds of Trust that I know about recorded against it) to Homer Ventures, LLC. 98% of our interests' Grant Deeds were recorded in 2012, and Homer Ventures, LLC has the other two Grant Deeds of Ms. Stephens' last 1% and my Revocable Trust's 1%. Those had not been recorded at the time that (as I understand it) Homer Ventures' chapter 11 was converted to a chapter 7. However, Homer Ventures owns 100% of the house despite 2% of the past Grant Deeds' interests not yet having been recorded. Furthermore, in October 2016, Judge Anne-Christine Massullo ordered that any of my interest in that house go to Ms. Stephens. I do not believe Judge Massullo's order has any effect since neither Ms. Stephens nor I have any ownership in that house, which has been in the foreclosure process for over 6 years and is 7 digits underwater anyways.

**Question 3) vehicles**

I used to own an LLC, Lodestar Technology, LLC, which owned a Lexus GS450h 4-door sedan that had $22,222.22 of unsecured debt associated with it (not including interest since June 3rd, 2012). In Fall of 2014 (approximately - not sure of exact date), after being rendered homeless by my ex-wife, I sold the LLC (and thus the car) to get cash.

**Question 12) jewelry**

I don't have any jewelry except that I had a platinum wedding ring that is likely still at 853 Ashbury Street in San Francisco. Monette Stephens claims (and has claimed under oath and penalty of perjury) that it and my other possessions are not there and/or that she threw them away, which would be a breach of her fiduciary duty to our marital estate. I also had a community interest in $400,000+ of artwork and jewelry as of 2011. In 2010 and 2011 I had suggested to my ex-wife that we sell those items. She had removed much of the artwork and jewelry from our San Francisco house in 2011, supposedly to sell it. I later learned that unbeknownst to me she had committed felony bankruptcy fraud and hidden jewelry (including a 3.14 carat diamond) and artwork with her mother and a friend of hers. I am unaware that Ms. Stephens ever sold any of those items, so I still have a community interest in whatever she has, which has thus far remained unaffected by any judge's order in our divorce.

**Question 19) interests in businesses including corporations and LLCs**

Within the past 8 years, I have owned part or all of many corporations and LLCs. I have also used many EINs in the past. Let's start with the EINs:

94-3193712 EduTain, Inc.

94-3193714 EyeThink ErgoSound Inc.

94-3193716 Gyrosoft, Inc.

94-3210022 The MultiMedia Advantage, Inc.

91-1784386 The Stanford-Wescott Corporation

20-0221099 PeopleBridge, Inc.

20-0667909 KnightsRidge Wines, Inc.

72-1593402 Broadband Mechanics, Inc.

20-3824618 Miracle Solutions, Inc.

20-4487284 Surprise Development, Inc.

56-2616703 Sycamore Investment Partners, Inc.

61-1520411 Chuluganti Investments, Inc.

37-1537382 Noesis Partners, Inc.

26-0682578 1083 Mississippi Street, LLC

26-2335520 11385 East Road, LLC

02-0811387 Bradshaw Urban Development, LLC

26-3260708 DEHLI MINI STORAGE, LLC

26-3260661 AYSS MINI STORAGE LLC

30-0670241 9501 Lane Drive, LLC

26-2345809 Oroville Industrial Park, LLC

26-3199184 Livingston Retail LLC

In addition, I founded (or co-founded) and created the following LLCs:

Unexpected Development LLC
Atwater Development Company, LLC
Auburn MultiFamily I, LLC
Wildhorse Lincoln Estates, LLC
3886 Noriega Street, LLC

There is more information about these corporations and LLCs in 107, Statement of Financial Affairs, and a couple more entities - see Question 27 (appendix/extra pages).

I also owned part of nine sociedad anonima, all of which are suspended and have been inactive for more than four years. For the sake of completeness I include the list from my prior chapter 7 filing, as sheet 1 for this question, at the back of this appendix.

## Question 21) Retirement

I do not know the value of my Social Security account but I included a recent statement dated 10/31/2016 at the end of this document, as an appendix.

## Question 22) Deposits and Prepayments

The California Bureau of Real Estate has a prepayment from me of, I believe, $95, for me to take my broker's license examination.

## Question 25) Carl Wescott Revocable Trust

Its sole asset was originally a 50% share in 853 Ashbury Street, CA 94117-4418. All 50% ownership of that house was sold to Homer Ventures LLC in 2012, with that 50% being divided in to two Grant Deeds, one for 49% and one for 1%. The 49% DoT was recorded then and the other Deeds (4 total including Monette Stephens' former share) were all sent to Rick Louie in 2012 as part of that sale. Homer Ventures, LLC is the 100% owner of that house, which is way "underwater" (see appendix of 106D for details on the first 4 secured liens, of 6+ liens total, on the house).

## Question 30) Amounts owed to me

[See separate sheet 1, debts owed to me since prior to January 17th, 2012, at end of these pages]

Beyond that, I lent Jeff Knaus ~$3600 back in 2012. I have no signed note. I have tried to collect for 4+ years while I've desperately needed money, but Mr. Knaus has claimed to be indigent. We're past the 4 year mark that an attorney told me mattered for collections when I contemplated small claims court.

I provided approximately $5,000 to my ex-girlfriend, Ann Haulund, in early to mid 2014 with the understanding that she would pay me back when she got money in her own divorce settlement. Her divorce was recently finalized and she didn't get monies and survives only with her mother's support. She doesn't want to pay me and is unable to pay me so I've let it go (mentally). I have no accounting, no records, no signed note - it was an informal arrangement.

I lent Jeff Middlemiss $2,000 for his rent in ~2014, which was a mistake. No signed note. He's pleaded poverty and since then told me he's not going to pay me.

**Question 31) Insurance policies**

On September 1st, 2014 my ex-wife Monette Stephens forced me out of the houses and I have been homeless since then. In late 2014 I got CalFresh (food stamps) and Medicaid. I got the latter because it appeared Ms. Stephens had cancelled my insurance in violation of our marital dissolution ATROs (automatic temporary restraining orders). However, on October 13th, 2016 Ms. Stephens testified under oath that she had purchased insurance for me, and she stated that she had been getting insurance cards to her attorneys to send to me over the past 2+ years. I never received any from them over the past 2+ years, so I believe Ms. Stephens was lying under oath, but it could be true that I have an actual health insurance policy. Hence, my marking "Unknown" for a second potential medical insurance policy. Either she's perjured herself, violated the ATROs, or most likely, both.

**Question 33) Claims against third parties**

[See separate sheet 1, claims against third parties prior to January 17th, 2012]

[See separate sheet 2, claims against third parties since January 17th, 2012]

**Question 39) Office equipment**

On October 13th, 2016 Monette Stephens testified under oath and penalty of perjury that she had given my computers, laptops, cell phones and possibly other equipment to Michelle Harris, her former attorney. I have been asking for the equipment since I was rendered homeless in 2014 but have never received it (other than one broken Toshiba laptop that was given to me in court in September or October 2014). I am not sure what is in that category but I'm hoping it's a lot. If the Trustee is able to recover the equipment, and the value of the used equipment exceeds my exemption (see 106C) I hereby request that I be allowed to get information off of any hard drives that the Trustee sells prior to the sale. The Trustee is, of course, welcome to copy all of that information as well. The value is a guess of what I might have paid for all the equipment if everything I'm hoping is there. Used, the equipment is certainly worth significantly less than when it was bought new years ago.

16-10975

| NAME OF SA/CORPORATE ENTITY | FORMATION DATE | ACTIVE or INACTIVE |
|---|---|---|
| Livery | September 6th, 2008 | inactive (mostly; no revenue; used to be revenue) |
| Gunvor | June 15th 2009 | inactive (mostly; no revenue) |
| Unexpected Development Ecuador | Constituted on March 31th of 2010; Registered on April 15th of 2010 | inactive (mostly; no revenue) |
| Hacienda Palo Alto | Constituted on March 18th of 2011; Registered on April 4th of 2011 | inactive (mostly; no revenue) |
| Unexpected Development | 2008? | inactive (mostly; no revenue) |
| Lightfoot Investment | 2007 | inactive (mostly; no revenue) |
| Lightfoot Holding | 2007 | inactive (mostly; no revenue) |
| Valle Aventura de Mamoní | 2005? | properties optioned and sold in 2007 agreement |
| Río Madroño | 2004? | properties optioned and sold in 2007 agreement |

Official Form 106A/B - Carl Wescott - _____ - Question 30 - additional sheet 1

Form 6 Schedule
B Item 16 -
Accounts
Receivable/Debts  Attachment 1

| claimant | Approximate debt or value | Basis | Name of Counterparty | Address | Notes |
|---|---|---|---|---|---|
| CW | $5,597,371.12 | debt | Suneet Singal | 101 Barnhart Cir Sacramento, Ca 95835 | the number is exact as of 1/15/2012 |
| CW | $1,825,000.00 | debt | David Syme | unknown | this debt is also part of the $5597371 Suneet Singal debt above - 3 parties all co-signed |
| CW | $1,825,000.00 | debt | Ian Dixon | unknown | this debt is also part of the $5597371 Suneet Singal debt above - 3 parties all co-signed |
| CW | $1,248,258.15 | 9/9/9 agreement for Suneet to cover half of Wescott's and Surprise Development's losses (just Auburn and OIP DoT and Madera and Cazadero included so far) | Suneet Singal | 101 Barnhart Cir Sacramento, Ca 95835 | |
| CW | $253,550.49 | judgment in arbitration regarding PG of lease for Miracle Solutions | Kim Chun | unknown | believe she went Bankrupt |
| CW | $253,550.49 | judgment in arbitration regarding PG of lease for Miracle Solutions | Miracle Solutions, Inc. | unknown | |
| CW | $126,775.25 | debt | Matt Kelsoe | unknown | also related to Miracle Solutions lease PG and part of Kim Chun number above |
| 1462 Boonville Road, LLC* (LLC not finalized) | $60,000.00 | debt | David Gattoni | 1462 Boonville Road, Ukiah, CA | |
| 3033 Shattuck Avenue, LLC | $18,200.00 | debt/bad checks | Aundre Speciale | unknown | same debt as Cody It was 16,700 in bad checks and CA law allows 1500 in damages plus court costs, filing fees |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | same debt as Aundre. It was 16,700 in bad checks and CA law allows 1500 in damages plus court costs, filing fees |
| 3033 Shattuck Avenue, LLC | $18,200.00 | debt/bad checks | Cody Bass | unknown | |
| CW | $42,000.00 | debt | Carter Rankin | unknown | |
| CW | $21,420.00 | debt | Matt Layton | unknown | |
| CW | $105,000.00 | debt/bad checks | Fletcher Rahke | | |
| AYSS, LLC | $223,400.00 | embezzled funds | Craig Mooneyham, Majique Lanier, Suneet Singal | Suneet and Majique are at 101 Barnhart Cir Sacramento, Ca 95835 | |
| multiple | $639,450.00 | payments on properties owed (does not include missed balloon payments) | Jeremy Kee | unknown | does not include balloon payments owed |
| CW | $97,800.00 | debt | Niles Urry | unknown | does not include property payments owed |
| CW | $9,000.00 | debt | Sara Fraker | unknown | |
| 11385 East Road, LLC | $32,000.00 | debt | Matt Templeton | unknown | |
| CW | $194,000.00 | unpaid work in 2006 and 2007 | GoingOn Networks, Inc. | 450 Sansome, 12th floor, San Francisco, CA | also was promised 2% of company post-funding |
| CW | $58,760.00 | debt | Dylan Bartlett | unknown | |
| 7950 Hearst Road, LLC | $64,000.00 | debt | Jeremy Smith | Boonville Road, Ukiah | |
| CW | $102,000.00 | debt/property payments | Brett Iles | unknown | |
| CW | $294,804.69 | debt | Tony Carracci | 120 Marin View Avenue, Mill Valley CA 94941 | number is as of 1/15/2012 and has been accruing interest at 8.5% |
| | $9,061,014.45 | | | | |

16-10975

**Form 6 Schedule B Item 21 - Personal Property Attachment 2**

| claimant | Approximate debt or value | Basis | Name of Counterparty | Address |
|---|---|---|---|---|
| 7950 Hearst Road LLC | cash lost at least 10s of k; paper damages exponentially higher; would of course sue for more than the cash losses | fraud on the part of lenders and servicers/wrongful foreclosure; other causes | PLM and syndicated investors 1. DIETRICH, CAROL JAN 2. FISHER, JAS C 3. FISHER-SARNA, CAROL J 4. NEEDHAM, VIRGIL 5. REYBOLD, JYL 6. RUNDEL, JAMES | PLM is at 46 North Second Street Campbell CA 95008 United States of America |
| 11385 East Road, LLC | cash lost 100k down payment plus 87600 other investment = 187600 total | illegal foreclosure/"repossession"; other causes | Ron and Lynn Patterson | 11385 East Road, Potter Valley, CA |
| Vilcabamba Homes, LLC | Cash invested (loaned) mostly returned; however, there should be a 7 digit future profit in the coming years that may need to be preserved through legal action | potentially breach of contract and fiduciary duty; fraud; grand theft; slander; libel; other causes | Joe Simonetta | Joe Simonetta, Hacienda San Joaquin Vilcabamba, Ecuador |
| AYSS, LLC | $223,400.00 is cash lost | breach of contract and fiduciary duty; fraud; embezzlement; other causes | Craig Mooneyham; Suneet Singal; Majique Lanier | Suneet and Majique are at 101 Barnhart Cir Sacramento, Ca 95835 |
| CW | unclear exactly how much damage has been caused | breach of contract and fiduciary duty; other causes | Suneet Singal et al | Suneet is at 101 Barnhart Cir Sacramento, CA 95835 |
| Unexpected Development | equity lost of $2 mil+ per highest Bonilla estimates of equity | breach of contract and fiduciary duty;theft; police report filed over theft of shares; other causes | Steve Bonilla et al | Bonilla is at 555 4th Street #411 SF CA 94111 |
| CW and MS and related entities all have claims | unclear exactly how much damage has been caused | libel; breach of fidiciury duty; other causes | Joseph and Sandra Sherman | 937 Ashbury Street, San Francisco, CA 94117 |

| | | | | |
|---|---|---|---|---|
| | | | | 275 Battery Street, Suite 500, San Francisco, CA 94117 |
| CW and MS and related entities all have claims | unclear exactly how much damage has been caused | libel; breach of fidiciury duty; other causes | Reliant Group and related affiliated entities | |
| CW and MS and related entities all have claims | unclear exactly how much damage has been caused | breach of fiduciury duty related to conflict of interest; other causes | Paul Roessler | PO Box 1715, Ross CA 94957 |
| CW and MS and related entities all have claims | unclear exactly how much damage has been caused | breach of fiduciury duty related to conflict of interest; other causes | Kipling Capital, Inc. | 100 Shoreline Hwy, 200-B; Mill Valley, CA 94941 |
| CW and multiple other entities | unknown, but this is potentially the largest claim | liability over actions related to writs, abuse of process; fraudulent claims of service; interstate usury; other causes | Frederick Fiechter and his wife Mary Yates and and their attorneys and service providers | 1083 Mississippi Street, San Francisco, CA 94107 |
| CW | $204000 cash lost | illegal foreclosure | Empire Mortgage | Empire Mortgage, 11350 McCormick Road, Executive Plaza III, Suite 605, Hunt Valley, MD 21031 |
| 3033 Shattuck Avenue LLC | cash loss of 404,500 | breach of contract; breach of fiduciury duty; fraud; other causes | Aundre Speciale and her entities/Cody Bass | 3033 Shattuck Avenue; Berkeley, CA 94705 |
| 7950 Hearst Road LLC | Aundre and Cody entered contract to buy a property for $2,250,000 but defaulted | breach of contract; other causes | Aundre Speciale and Cody Bass | 3033 Shattuck Avenue; Berkeley, CA 94705 |
| CW | unpaid rent for 162 Glen Court | breach of contract; other causes | Cody Bass (and also to a lesser degree Aundre Speciale) | 3033 Shattuck Avenue; Berkeley, CA 94705 |
| CW | cash difference of 6 digits (hundreds of K); equity on paper 7 digits | fraud and misrepresentation; other causes | Antoine Habis and Emma Ondrade | Antoine Habis, 375 76th Street, Apt 3E, Brooklyn, NY 11209 |
| CW | approximately $80,000 | breach of contract; other causes | Steve Haggard | 884 3rd St # A, Santa Rosa, CA 95404 |
| CW | unknown | errors in tax and related filings | Steve Haggard | 884 3rd St # A, Santa Rosa, CA 95404 |

| | | | | |
|---|---|---|---|---|
| CW and other entities | approximately $225,000 | breach of contract (2 instances); other causes | David Gattoni | 1462 Boonville Road, Ukiah CA |
| CW | unknown | breach of contract; other causes | Craig Mooneyham | 598 Bellevue Road, Atwater, CA 95301 |
| CW and some of the entities, especially LLCs | unknown | various causes | lenders including Chase, B of A, Wells Fargo | various |
| CW | unknown | whistleblower claims | multiple parties | addresses as stated above and elsewhere in Schedule B |
| 30901 Sherwood Road, LLC | cash loss of 254600 14,000,000+ | breach of contract; other causes | Eric Garbocci et al | 114 South School Street; Ukiah CA 95482 |

I have claims for defamation (and potentially other related claims) against the following people:

Michael Stern
Andy Riedel
Rejane Hurst
Gina Perry
Rob Londsdale
Marc Canter
Michelle Harris
Monette Stephens
Huguette Stephens
Terry Szucsko
Kendall Fletcher
Mark Cromack
and Kristine Schwartz
(and other related people and entities).

I have many significant claims against Monette Stephens and also her attorneys, specifically Michelle Harris and Terry Szucsko.

For example, I have a substantial claim against Michelle Harris and Stoltz Law (and Monette Stephens and other parties). They lied to me and the court, rendered me homeless, had my possessions all stolen, and generated an outrageous support order, knowing full well how the law is supposed to work in California. There are other related claims.

For example, I have a substantial claim against Terry Szucsko and LVS (and Monette Stephens and other parties). Terry suborned perjury, having his client perjure herself and inform family law court that I earn $100k a month, when in actuality I have averaged $400/month, thus generating $8 million+ that I need to pay - which happens to be the priority non-secured claim in this chapter 7, thus screwing not only me but all of my creditors.

I have claims for theft against Steve Bonilla, Sandy Forman, and Joan Stuart.

I have claims, which are really the bankruptcy estate's claims, for theft of our former marital community property against Monette Stephens and Kristine Schwartz and Huguette Stephens (and potentially other parties), for property that could be recovered for the benefit of the bankruptcy estate.

I have claims for theft and fraud and related causes/claims against Steve Bonilla, Mark Shimone Warfield, and other parties in Guatemala.

I was in a car accident and have claims against Lou Buringame and AAA (and possibly other unknown parties).

I have a claim against Allied Schools where they misinformed me that I had to take all 8 real estate classes again for my broker's license. They have since admitted their fraudulent misrepresentation and refunded the monies paid by my ex-girlfriend, but they've still wasted a lot of my time and delayed my potential earnings.

I have a claim against Lucia Carluccio for making a false claim against me (claiming she worked for me in Uruguay and did not get paid), and related claims

I have a claim against Steve Haggard, my former CPA, who screwed up my 2006 taxes.

I have a claim against Mark Gronke, who was supposed to be our former CPA, who stole monies and did not do our work.

I have claims against Rob Lonsdale and Ina Goodman and Charlie Fiechter related to their lawsuits against me.

I have claims against David Baird and Ina Goodman and Charles Baumann related to their lawsuits against me in Uruguay (and possibly other parties as yet unknown)

I have claims against Joe Simonetta, who filed false claims in my last bankruptcy, and for other causes of action.

I have a claim against Jeff Knaus (and possibly his wife), who borrowed $3600 from me and didn't pay me (but says he has no money)

I have claims against Jeff Middlemiss, who I lent $2000 so he could pay his rent, but who then refused to repay me.  Separately, I paid him ~$5600 (if memory serves) for artwork (this is years ago) that he never delivered.

I have a minor claim (less than $200) against GEICO

I have a minor potential claim (less than $200) against John Hamel and Gloria Sevchek.

I have a claim against Jay Caplan and his company, whom I paid over $15000 to years ago, and who has not delivered promised services yet.

I have a claim against Dyer Mountain LLC and related parties, for an investment I made years ago.  I have similar claims against other parties.

I have a minor claims against 24 Hour Fitness, Golden Voice, 7-11, and Spectrum Clubs (the latter of which is already encapsulated in a class action lawsuit).

I have many claims against parties in and related to deals in Uruguay and Ecuador and Guatemala and Honduras and Nicaragua and Mexico, which I will detail further prior to our 341 hearing.

I have many claims against parties with regard to prior investments made, which I will detail further prior to our 341 hearing.

I have two claims against Ann Haulund that I don't plan to pursue (but wish to list them here in case she decides to pay me post-chapter 7).

I have claims against Crisostomo Ibarra and his company.

**Debtor 1** Carl Alexander Wescott
First Name        Middle Name        Last Name

**Debtor 2**
(Spouse, if filing) First Name        Middle Name        Last Name

United States Bankruptcy Court for the: Northern District of California

Case number 16-10975
(If known)

☐ Check if this is an
amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt

04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: iPhone<br>Line from *Schedule A/B*: 7 | $300.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)5 |
| Brief description: 3 guitars<br>Line from *Schedule A/B*: 9 | $400.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)3 |
| Brief description: clothes<br>Line from *Schedule A/B*: 11 | $200.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)3 |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
       ☐ No
       ☐ Yes

## Part 2:   Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: books<br>Line from Schedule A/B: 14 | $ 200.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)3 |
| Brief description: cash<br>Line from Schedule A/B: 16 | $ 10.21 | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | 703.140(b)5 |
| Brief description: Social Security<br>Line from Schedule A/B: 21 | $ | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 42 USC 407 |
| Brief description: Social Security<br>Line from Schedule A/B: 21 | $ | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)10A |
| Brief description: Computing equipmt<br>Line from Schedule A/B: 39 | $ 30,000.00 | ☑ $ 7,625.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 703.140(b)6 |
| Brief description: 2 domain names<br>Line from Schedule A/B: 26 | $ 1.99 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)5 |
| Brief description: PRINTER<br>Line from Schedule A/B: 17 | $ 54.53 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 703.140(b)5 |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from Schedule A/B: | $ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

Case: 16-10975    Doc# 14    Filed: 11/23/16    Entered: 11/28/16 11:07:22    Page 24 of 26

I choose California Bankruptcy Exemptions System 2, with the Civil Code sections within civil code section 703.

To the maximum extent of the law, I hereby apply the following federal exemptions:

**42 USC § 407 - Social Security benefits.**
> **To keep my social security**

**42 USC § 1717 - War, risk, hazard, death, or injury compensation**
> **To keep my injury claims against any applicable parties including AAA/Ron Burlingame.**

To the maximum extent of the law, I hereby apply the following California state exemptions:

**§703.140(b)3**

The debtor's interest, not to exceed ($650) in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor **(including all books, 3 guitars, all clothing)**

**§703.140(b)4**

(4) The debtor's aggregate interest, not to exceed ($1,525) in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor **(including my wedding ring, in the extremely unlikely case my ex-wife decides to return it to me).**

**§703.140(b)5**

(5) The debtor's aggregate interest, not to exceed in value ($1,350) plus any unused amount of the exemption provided under paragraph (1), in any property.

**Including my cell phone and printer, plus 10.21 in cash (total 364.74).**

**§703.140(b)6**

(6) The debtor's aggregate interest, not to exceed ($7,625) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

**If we can get back my computers, laptops, external hard drives, and cell phones from Michelle Harris, I would like to keep $7625 worth of those articles. I hereby request being able to copy any hard drives of any items that the trustee recovers and sells - it is extremely valuable to me.**

**§703.140(b)7**

(7) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

**I am unaware of any such policy, but hereby applying the exemption is there is one that exists that I do not know about.**

**§703.140(b)10A**

(10) The debtor's right to receive any of the following:

(A) A social security benefit, unemployment compensation, or a local public assistance benefit.

**If my social security benefits apply, I'd like to apply the exemption. They are likely already covered in 42 USC § 407.**

**§703.140(b)11A**

(11) The debtor's right to receive, or property that is traceable to, any of the following:

(A) An award under a crime victim's reparation law.

**To the extent that any of my legal claims are covered for monies stolen, embezzled, or fraudulently obtained, and all other legal claims related to crimes committed by other parties, to the extent that they apply, I'd like to apply this exemption.**

**§703.140(b)11D**

(D) A payment, not to exceed ($25,575), on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.

**To the extent it is legally applicable, I'd like to keep my injury claims against any applicable parties including Ron Burlingame and AAA.**

**§703.140(b)11E**

(E) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

**To the extent it is legally applicable, I'd like to keep my legal claims against any applicable parties related to any loss of future earnings.**